KENNETH JEFFREY AND WALLACE JEFFREY. PART-
NERS, TRADING AS JEFFREY BROTHERS, PLAIN-
TIFFS-RESPONDENTS, v. HOWARD KENNEDY, DE-
FENDANT-APPELLANT.

Argued February 21, 1924—Decided July 31, 1924.

**Appeals—From District Court—Adjournment of Case in Dis-
cretion of Trial Judge—Not Urged Below that Discretion
was Abused—Diligence in Procuring Counsel—Ground of
Appeal Must be on Some Question of Law or Evidence.**

Before Justices KALISCH, KATZENBACH and LLOYD.

For the defendant-appellant, *Mary Wooster Sutton*.

For the plaintiffs-respondents, *Reilly, Quinn & Parsons*.

PER CURIAM.

This is a defendant's appeal from a judgment of the District
Court of the Second Judicial District of the county of Mon-
mouth. The plaintiffs' suit, according to the state of demand,
was "for labor done and material furnished," $104. The
defendant employed counsel. The case was adjourned to
August 6th, 1923. On August 4th, 1923, defendant's counsel
notified the defendant that he would have to get another at-
torney. August 4th was on Saturday. On Monday, at nine
A. M., the defendant endeavored to get his present attorney.
She could not attend court on that day. She also considered
the time for preparation for trial was too short. The de-
fendant went to court, asked for an adjournment of his case,
and the court refused to grant the adjournment. One of the
plaintiffs was sworn and testified. The defendant did not
testify. A judgment for the plaintiff was rendered by the
court. The defendant sought to obtain a new trial. He
filed a petition and obtained a rule to show cause, and an
order to take depositions was granted. From the record
we are unable to tell what disposition was made of this rule,

but presumably it was discharged as the defendant has taken an appeal from the judgment. The case was settled by the court. The court, in its findings, says that evidence of the plaintiffs' claim was given; that the defendant appeared but was not sworn, and that judgment was given for the plaintiffs. The defendant, in his grounds of appeal, claims, first, that the state of demand is insufficient, as it did not fairly apprise the defendant of the state of facts which it was intended to prove. This point was not raised in the lower court. It is not, therefore, available in this court. In order for a ground of appeal to be available in this court, in an appeal from a District Court, it must be upon some question of law or upon the admission or rejection of evidence, upon which the District Court has ruled, and to which ruling the party appealing has entered his objection to the court's determination.

It is urged in the second place in behalf of the defendant that the District Court should have granted the defendant's request for an adjournment. Whether or not a trial shall be postponed is a matter within the discretion of the trial court. In the present case it was not urged below that it was an abuse of judicial discretion not to have granted an adjournment, and no objection to the court's ruling was entered. This ground of appeal we are constrained to find is not available to the appellant. From the facts as printed in the state of the case it seems to us that the defendant acted with diligence in the matter of obtaining another attorney to represent him. Under such circumstances it is customary, we think, to grant a short adjournment.

The appellant further contends that there was no written evidence presented by the plaintiff who testified. This was not necessary. This point was not raised in the court below. It is not available here.

The judgment will be affirmed.